IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF GEORGIA

AUGUSTA DIVISION

| | | |
|---|---|---|
| STEPHON W. SUGGS, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CV 115-119 |
| | ) | |
| HOMER BRYSON, Commissioner, | ) | |
| Georgia Department of Corrections, et al., | ) | |
| | ) | |
| | ) | |
| Defendants. | ) | |

_____

**O R D E R**
_____

Plaintiff, an inmate incarcerated at Hancock State Prison ("HSP") in Sparta, Georgia, commenced the above-captioned case pursuant to 42 U.S.C. § 1983 concerning events alleged to have occurred at Telfair State Prison in Helena, Georgia ("TSP"), Johnson State Prison ("JSP") in Wrightsville, Georgia, Washington State Prison ("WSP") in Davisboro, Georgia, Augusta State Medical Prison ("ASMP") in Grovetown, Georgia, and at HSP. Because he is proceeding *in forma pauperis*, Plaintiff's amended complaint must be screened to protect potential defendants. Phillips v. Mashburn, 746 F.2d 782, 785 (11th Cir. 1984); Al-Amin v. Donald, 165 F. App'x 733, 736 (11th Cir. 2006).

## I. SCREENING OF THE COMPLAINT

### A. Background

Plaintiff filed a forty-one page amended complaint that names twelve Defendants from five prisons who serve in a variety of positions ranging from prison administrators, to

medical staff, to correctional officers. (See doc. no. 5.) The complaint includes a rambling chronicle of events starting with a false imprisonment claim beginning in 1996 and ending at the present day with a deliberate difference claim,. (See generally id.) The amended complaint also attempts to incorporate by reference more than 100 pages of attached exhibits. (See id. at 5; doc. no. 1-1.)

Plaintiff's forty-one page complaint and 108 pages of attachments incorporated by reference amount to the quintessential shotgun pleading that has been soundly condemned by the Eleventh Circuit Court of Appeals. See, e.g., Byrne v. Nezhat, 261 F.3d 1075, 1131 (11th Cir. 2001) ("[S]hotgun pleadings, if tolerated, harm the court by impeding its ability to administer justice."), *abrogated on other grounds by*, Douglas Asphalt Co. v. QORE, Inc., 657 F.3d 1146 (11th Cir. 2011); Magluta v. Samples, 256 F.3d 1282, 1284-85 (11th Cir. 2001) (refusing to address and decide serious constitutional issues on the basis of a "quintessential 'shotgun' pleading of the kind [the Eleventh Circuit] ha[s] condemned repeatedly. . . . It is in no sense the 'short and plain statement of the claim' required by Rule 8 of the Federal Rules of Civil Procedure").

Moreover, it is well settled that a plaintiff may not join unrelated claims and various defendants unless the claims arise "out of the same transaction, occurrence, or series of transactions or occurrences and any question of law or fact common to all defendants will arise in the action." Fed. R. Civ. P. 20(a)(2). "In determining what constitutes a transaction or occurrence for the purposes of Rule 20(a), courts have looked for meaning to Fed. R. Civ. P. 13(a) governing compulsory counterclaims." Alexander v. Fulton County, Ga., 207 F.3d 1303, 1323 (11th Cir. 2000), *overruled on other grounds by* Manders v. Lee, 338 F.3d 1304,

1328 n.52 (11th Cir. 2003) (*en banc*). As recognized by the Eleventh Circuit Court of Appeals in analyzing the requirements of Rule 13(a), "a claim arises out of the same transaction or occurrence if there is a logical relationship between the claims." Construction Aggregates, Ltd. v. Forest Commodities Corp., 147 F.3d 1334, 1337 n.6 (11th Cir. 1998); Tarver v. Owens, 5:14-CV-214, 2014 WL 3810594, at *4 (M.D. Ga. Aug. 1, 2014) (same).

Here, the connection between Plaintiff's descriptions of alleged mistreatment at the five different prisons he names is not apparent because of the rambling nature of the description of events in the complaint and utter lack of clarity as to which defendants are personally involved. Further, as the Court warned in a prior Order, Plaintiff cannot include false imprisonment claims that would undermine his current conviction in a § 1983 action. See Mitschell v. Donald, 213 F. App'x 920, 923 (11th Cir. 2007)

Moreover, HSP is located in Sparta, Georgia, and WSP is located in Davisboro, Georgia, both within the Macon Division of the Middle District of Georgia. Thus, unrelated claims against individuals at those prisons must be brought in two separate lawsuits in the Macon Division of the Middle District of Georgia. Similarly, unrelated claims against individuals at JSP, TSP, and ASMP must be brought in three separate lawsuits in the Southern District of Georgia, with claims against individuals at JSP and TSP being brought in the Dublin Division and claims against individuals at ASMP being brought in the Augusta Division.

For example, if Plaintiff wishes to maintain a suit in the Augusta Division, he can only bring claims against defendants at ASMP for his allegations relating to his cell conditions and medical care at that particular prison and not combine other unrelated claims

3

such as his cell conditions and acts of retaliation at HSP, or his claims against Sergeant Foreman at JSP for excessive force. (See doc. no. 5, pp. 29-32.) Further, Plaintiff's claims of deliberate indifference and retaliation at JSP are apparently unrelated to his latter claims at other prisons and thus, cannot be brought with the HSP or ASMP claims. (See id. at 23-28.) Finally, Plaintiff includes events from WSP without naming one single defendant from that prison or describing how they were involved in a constitutional violation. (Id. at 28-29.)

The Court recognizes, however, that Plaintiff is proceeding *pro se* and will therefore give him an opportunity to attempt to cure his pleading deficiencies by amending his complaint in accordance with the instructions above. Accordingly, the Court hereby **ORDERS** Plaintiff to amend his complaint within fourteen days of the date of this Order to include only those claims and Defendants related to the cell conditions and medical care at ASMP. If Plaintiff wishes to bring claims against the defendants at HSP and WSP, he must file separate complaints in the Macon Division of the Middle District of Georgia detailing allegations against those individuals. Further, if Plaintiff wishes to bring claims against defendants at JSP, he must file a separate complaint in the Dublin Division of this District. Plaintiff must use the standard form provided along with this Order, with no more than six handwritten pages attached. See Goodison v. Washington Mut. Bank, 232 F. App'x 922, 923 (11th Cir. 2007) (affirming the dismissal of a case where the plaintiff failed to heed the pleading instructions from the court that she was to re-draft her complaint to make it more concise); see also London v. Georgia Dep't of Corr., CV 502-107, doc. no. 10 (M.D. Ga. May 10, 2002) (directing that amended complaint shall not exceed six handwritten pages).

If Plaintiff wishes to pursue this case, he **MUST** file an amended complaint in accordance with the instructions in this Order. The Court **DIRECTS** the **CLERK** to attach a standard form complaint used by incarcerated *pro se* litigants in the Southern District of Georgia to Plaintiff's copy of this Order, stamped with this case number.

## II. INSTRUCTIONS

The amended complaint must be printed legibly so that the Court may discern Plaintiff's claims, and it will supersede and replace in its entirety the previous pleadings filed by Plaintiff. Krinsk v. SunTrust Banks, Inc., 654 F.3d 1194, 1202 (11th Cir. 2011); Lowery v. Alabama Power Co., 483 F.3d 1184, 1219 (11th Cir. 2007) ("an amended complaint supersedes the initial complaint and becomes the operative pleading in the case"). It must contain a caption that clearly identifies, by name, each individual that Plaintiff is suing in the present lawsuit. Furthermore, the body of Plaintiff's amended complaint must contain sequentially numbered paragraphs containing only one act of misconduct per paragraph. The numbered paragraphs in his amended complaint should include information such as: (i) the alleged act of misconduct; (ii) the date on which such misconduct occurred; (iii) the names of each and every individual who participated in such misconduct; and (iv) where appropriate, the location where the alleged misconduct occurred.

While Plaintiff may attach exhibits to his amended complaint, he shall not incorporate them by reference as a means of providing the factual basis for his complaint.[1] Thus, Plaintiff must name the individuals whom he seeks to include as Defendants herein in both the caption and the body of his amended complaint; he may not rely on the fact that

5

individuals are named in the exhibits attached to his amended complaint as a means of including such persons as defendants to this lawsuit. The Court will not independently examine exhibits that Plaintiff does not specifically reference (by the exhibit's page number) in his amended complaint.

Plaintiff is further cautioned that no portion of any prior pleading shall be incorporated into his amended complaint by reference. Moreover, Plaintiff shall submit only one amended complaint in accordance with the terms of this Order. Therefore, within fourteen days of the undersigned date, Plaintiff shall state in the single amended complaint filed in accordance with the terms of this Order all related claims that he wishes the Court to consider as a basis for awarding the relief sought. Once Plaintiff has complied with the conditions of this Order, the Court will review the amended complaint to determine which, if any, claims are viable and which, if any, Defendant should be served with a copy of the amended complaint. If no response is timely received from Plaintiff, the Court will presume that he desires to have this case voluntarily dismissed and will recommend dismissal of this action, without prejudice. Plaintiff is cautioned that while this action is pending, he shall immediately inform this Court of any change of address. Failure to do so will result in dismissal of this case.

SO ORDERED this 13th day of November, 2015, at Augusta, Georgia.

_____
BRIAN K. EPPS
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA

---

[1] For example, Plaintiff should not simply state, "See attached documents."